Contracts; equitable adjustment; acceleration claim; excusable delay — fire; defective specifications. — Plaintiff was awarded a fixed-price, indefinite quantity contract by the Department of the Air Force for production of diesel engine generator sets. The contract called for a set of first articles manufactured in accordance with Government-furnished drawings and to be tested and approved prior to full-scale production. A fire destroyed the set of first articles, as well as a complete set of contract drawings. Plaintiff requested an extension of the delivery schedule due to errors in the Government-furnished drawings, which errors were in part discovered during fabrication of the second set of first articles. Subsequently an agreement was reached establishing a new delivery schedule and reciting, inter alia, that the Government had determined that drawing errors had caused initial production delays. Plaintiff sought an equitable adjustment on the grounds that drawing errors encountered during production had caused delays and inefficiencies which resulted in unabsorbed fixed overhead and fixed G & A expenses. Plaintiff also presented an acceleration claim asserting that it had suffered increased expenses in fabrication of the second set of first articles due to the fact that it was required to build them without a complete set of contract drawings as contractually contemplated. The contracting officer denied plaintiffs claims, and on appeal, the contract appeals board, respecting the acceleration claim, found that plaintiff had failed to show the following essential elements: the length of the excusable delay, a request for a time extension and information supporting such a request, failure or refusal to grant the extension, a Government direction to accelerate, express or implied, and specific actions to accelerate the work; as to the delay and inefficiencies claims, the board found that no drawing errors were shown to be discovered during production and that numerous drawing errors were in fact discovered during fabrication of the second set of first articles. On December 13, 1977 Trial Judge Robert J. Yock filed a recommended decision (reported at 24 CCF para. 81,923) concluding that plaintiff is not entitled to recover on its acceleration claim and that plaintiff failed to show a sufficient causal connection between Government drawing *449 errors and plaintiffs production delays and inefficiencies. On April 4, 1978 the court, by order, adopted the trial judge’s decision as the basis for its judgment in this case and dismissed the petition.